IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| TYRONE NUNN, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:16cv925-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION

Through a pro se pleading styled as a "Petition for Writ of Habeas Corpus" (doc. no. 2.), Tyrone Nunn, Sr. challenges his 2009 controlled substance convictions.[1] Nunn asserts, as he has similarly asserted in numerous previous attacks on his convictions, that this court had no jurisdiction in his criminal case. Nunn's petition constitutes a successive motion for relief

---

1. See Criminal Case no. 3:08cr28-MHT. Nunn pled guilty to two counts of possession with intent to distribute crack cocaine. On July 1, 2009, he was sentenced to 210 months in prison. He later received two sentence reductions under 18 U.S.C. § 3582(c)(2) based on retroactive amendments to the sentencing guidelines. The second of those reductions was effected in January 2016 and reduced his sentence to 125 months in prison. See Criminal Case No. 3:08cr28-MHT, doc. nos. 246 & 247.

under 28 U.S.C. § 2255 and is subject to summary dismissal.

Nunn attacks the fundamental legality of his convictions in Criminal Case No. 3:08cr28-MHT. Therefore, he seeks relief appropriate only under 28 U.S.C. § 2255.  See Gonzalez v. Crosby, 545 U.S. 524 (2005).  No matter how Nunn has labeled his filing, this court finds that his petition is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  See United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").  This is at least the tenth § 2255 motion filed by Nunn attacking his convictions and sentence in Criminal Case No. 3:08cr28-MHT.[2]

---

2. A recounting of Nunn's first seven § 2255 motions is set forth in the Recommendation of the Magistrate Judge addressing his eighth § 2255 motion in

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  See 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  See 28 U.S.C. § 2255(h).  A district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the

---

Civil Action No. 3:14cv61-MHT, doc. no. 3 at 2-5.  See also Civil Action No. 3:14cv254-MHT (Nunn's ninth § 2255 motion).

3

**appellate court to file a successive motion.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); Carter v. United States, 405 Fed. App'x 409, 410 (11th Cir. 2010).**

**Nunn furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive § 2255 motion.  In light of the requirements of § 2255(h) and the absence of the required certification, this court lacks jurisdiction to proceed on Nunn's § 2255 motion.[3]  See Farris, 333 F.3d at 1216.**

---

3. Nunn received two sentence reductions under 18 U.S.C. § 3582(c)(2) after his July 2009 sentencing. For purposes of Magwood v. Patterson, 561 U.S. 320 (2010), and the rules pertaining to successive § 2255 motions, a sentence reduction under § 3582(c)(2) does not constitute a genuine resentencing or give rise to a new judgment.  See United States v. Jones, 796 F.3d 483, 485-87 (5th Cir. 2015); Murphy v. United States, 634 F.3d 1303, 1313-14 (11th Cir. 2011)(specifically discussing sentence reduction under Fed.R.Crim.P. 35(b), § 3582(b), and one-year limitations clock in § 2255(f)); White v. United States, 745 F.3d 834, 836-37 (7th Cir. 2014).  See also Dillon v. United States, 560 U.S. 817, 825-30 (2010).

4

An appropriate judgment will be entered.

DONE, this the 8th day of December, 2016.

                                 /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**